Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273-8780 Fax: 510.839.9104

Attorneys for Defendant
County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIKISHA UPSHAW, TYREKA STEWART and ANDREA HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY; ALAMEDA COUNTY SHERIFF'S OFFICE; SHERIFF GREGORY J. AHERN; ASSISTANT SHERIFF D. HOUGHTELLING, COMMANDER TOM MADIGAN; CAPTAIN D. HESSELEIN, CAPTAIN TARA RUSSELL, CAPTAIN D. SKOLDKVIST, DEPUTY WATSON, DEPUTY STINSON, DEPUTY SENSIBA, DEPUTY HENDERSON, DEPUTY GUERRA, DEPUTY CRANDALL, DEPUTY CHANDRA DEPUTY BURBANK AND DOES 1 THRU 50,<br><br>Defendants. | Case No. 3:18-cv-07814-JD<br><br>**DECLARATION OF KORI GUERRA IN SUPPORT OF COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE: February 28, 2019<br>TIME: 10:00 a.m.<br>JUDGE: Hon. James Donato<br>COURTROOM: 11, 9th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Complaint filed December 31, 2018 |

I, Kori Guerra, declare:

1. I am currently a deputy sheriff employed by the Alameda County Sheriff's Office.

- 1 -   CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

1. Unless specifically stated to be made upon information and belief, I possess personal knowledge of the matters set forth herein, and if called upon as a witness in this matter, I could and would competently testify thereto.

2. I have been working for the Alameda County Sheriff's Office at Santa Rita Jail since approximately mid-March 2018. Initially, I began working in Housing Unit 24, then I was assigned to Housing Unit 21 for several months. I returned to Housing Unit 24 on January 17, 2019. Housing Units 21 and 24 are the two female housing units at Santa Rita Jail. I have always worked on the "C Team," which works three days in a row, followed by three days off, then four days on followed by four days off. C Team always works the midnight shift. There are two shifts within C Team, those starting at 1700 hours (5:00 p.m.) and those starting at 1900 hours (7:00 p.m.). I have always worked from 1700 hours until 0500 hours (5:00 a.m.).

3. In the course and scope of my duties as a housing deputy, I am generally familiar with and know the four inmates who submitted declarations in support of Plaintiffs' Motion for Preliminary Injunction: (a) Tikisha Upshaw, (b) Tyreka Stewart, (c) Crystal Emond, (d) Sindel Botelho. I am familiar with Ms. Upshaw from my time in Housing Units 21 and 24. With regard to Ms. Stewart, Ms. Emond, and Ms. Botelho, I am familiar with them from my time in Housing Unit 21.

4. Generally, my duties on my shift are as follows: after I arrive at the jail, I do a walkthrough of the entire housing unit. When I worked in Housing Unit 21, my duties generally included supervising cell cleaning, running pod time, supervising pill and sick call and serving breakfast. In Housing Unit 24, my duties generally include running pod time, supervising pill and sick call and serving breakfast. In Housing Unit 24, cell cleaning occurs on a different shift.

5. The schedules in these two housing units are slightly different. In Housing Unit 21, typically at least once per week I supervised cell cleaning as the first order of business on my shift. In Housing Unit 21, pod time (free time in a common area during which inmates are able to make phone calls watch television and workout etc.) typically starts between 1800 and 1900 hours and it could run as long as three hours. During that time, I supervised pill call and sick call. Various cleaning tasks are taken care of following pod time, which are performed by inmate pod

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4817-5176-3079 v1

- 2 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

workers. In Housing Unit 24, C Team does not run cell cleaning. Pod time in Housing Unit 24 typically starts at approximately 1745 hours and runs for at least three hours. During that time, I supervise pill call and sick call. Various cleaning tasks are taken care of following pod time, which are performed by inmate pod workers.

6. In Housing Unit 21, which has only two-person cells, lights out is at 2300 hours. In Housing Unit 24, which has a dormitory-style housing on the east side and cells with either one or two people on the west side, lights out is typically at 2300 hours. Since I returned to Housing Unit 24 on January 17, 2019, lights out has been later than 2300 to facilitate pod time on approximately two occasions. This only occurs to facilitate mandatory pod time for inmates. If this occurs, we strive to make sure the inmate having pod time is quiet by turning television down etc. so as not to disturb other inmates.

7. At lights out, the technician in the control room dims the main lighting in the housing units. The tier lights above the aisles outside the cells stay on for deputy safety in performing various duties, including the observations described later in this declaration. The main lighting is turned back on at 0400 hours to facilitate breakfast. After breakfast ends at approximately 0430 hours, the main lights are dimmed again and remain dimmed at least until my shift ends at 0445 hours.

8. Inmates in the two-person cells have control over the main lighting inside their unit. In my experience, while the cells are equipped with night lights, only about forty percent of the night lights are actually on during my shift after lights out.

9. Housing unit deputies are required to perform general observation if the inmates, which are also called safety checks. These vary by houses and classification of inmate. If an inmate is in Housing Unit 21, these checks are performed and logged at intervals not to exceed thirty minutes. In Housing Unit 24, generally these checks are performed at the same interval, unless an inmate is on an individual observation log which calls for more frequent safety checks.

10. For general observation logs, housing unit deputies do walkthroughs, which consist of checking on inmates to ensure their welfare. After lights out, housing deputies are still required to perform general observation of inmates. When the main lights inside the cells are off,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4817-5176-3079 v1

- 3 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

housing deputies performing their visual observations may need to use a flashlight to illuminate the room to observe the inmate. While each cell has a window, if the main lights are off and there is insufficient ambient light, housing deputies use a flashlight to see inside the cells to check on the welfare of the inmate. If it is light enough inside a cell to observe an inmate, I will not use my flashlight. I personally have never purposefully shined a flashlight in an inmate's face and am not aware of any other deputy having purposefully done so. My custom and practice is to use my flashlight, if necessary, to illuminate the floor inside a cell and this usually gives sufficient light to see an inmate. If I cannot observe the inmate by shining my flashlight on the floor, I will point it at the ceiling and that will give sufficient light to observe the inmate. It is never my intent to wake up an inmate, but to perform this general observation; I must verify that the inmate is alive. If I cannot verify that an inmate is alive by visual observation alone, there are occasions when I will knock on the cell window, call out the inmate's name and, if still not responding, will open the door to the cell to ensure that the inmate is alive.

11. Some inmates require that medication be administered to them prior to breakfast. For example diabetic and inmates and inmates on methadone have a pill call at approximately 0230 hours. Other inmates have court appearances that will keep them away from the normal morning pill call and must have their medication administered at the early pill call at approximately 0230 hours. In Housing Unit 21, this early morning pill call is performed cell door to cell door. During this early morning pill call, a nurse will come in with a list and I will escort the nurse to every inmate who requires early morning medication. Housing unit deputies do not turn lights on to conduct this early morning pill call, but will use their flashlights as necessary for visibility.

12. I reviewed the declaration inmate Tikisha Upshaw submitted in support of Plaintiffs' Motion for Preliminary Injunction. In that declaration, Ms. Upshaw states that "every cell is lit at night." While every cell has a night light, I have personally observed the cells that Ms. Usphaw has been in in Housing Unit 21 and Housing Unit 24 and her cells have always been pitch black with no lighting. If I am standing at her door, I cannot see inside her cell. The last day I worked in Housing Unit 24 prior to signing this declaration was Wednesday, February 6 to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4817-5176-3079 v1

- 4 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Thursday, February 7, 2019. During my shift, Ms. Upshaw's cell was completely dark every time I walked by to observe her. Unless she has her main lights on, Ms. Upshaw's cell has been completely dark during nighttime hours every time I have observed it on every shift I have ever had at Santa Rita Jail. I was very surprised to learn that Ms. Upshaw is claiming difficulty sleeping at night because in my experience Ms. Upshaw is typically asleep when I observe her.

13. Ms. Upshaw also claims that the jail is very noisy at night. In my experience, the opposite is true. Specifically, Ms. Upshaw claims that pod workers vacuum and clean showers at night, however all cleaning in the pods by pod workers is finished before lights out. Ms. Upshaw also states that there are multiple announcements made over the public address system during nighttime hours. This is not true. Only mandatory announcements are made, such Prison Rape Elimination Act announcements. For example, if a male nurse needed to enter the Housing Unit to administer medication or first aid, the Housing Unit technician will announce that there is a male on the floor.

14. Ms. Upshaw also claims that I was outside her cell "one night... making a racket polishing metal." I do recall one time early in the morning at approximately 0200 hours cleaning door handles in the entire house, including cell door handles. When I did so, I made every effort to be quiet. In fact, I placed my foot gently against each cell door to prevent it from making noise when I cleaned the handles using a rag and brass cleaner.

15. I have reviewed Tyreka Stewart's declaration in support of Plaintiffs' Motion for a Preliminary Injunction. I am surprised that Ms. Stewart is complaining about a lack of sleep. When I worked in Housing Unit 21 she did not seem to have any problems sleeping and I regularly observed her sleeping without any apparent difficulty.

16. I have reviewed the declaration of Crystal Emond in support of Plaintiff's Preliminary Injunction Motion. In my experience, she is typically awake during night hours with her lights on and read or writing. There have been a handful of times in my experience when she has appeared to be asleep. Since I only work during night, I do not know if Ms. Emond sleeps during day. Santa Rita Jail does not restrict inmates' from sleeping at any time day or night. In my experience, Ms. Emond has been given medication during early morning pill call because she

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4817-5176-3079 v1

- 5 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

is scheduled by medical to have medication at that time and her name was always on the list for early morning pill call.

17. I have reviewed Sindel Botelho's declaration in support of Plaintiffs' Motion for Preliminary Injunction. I am surprised that Ms. Botelho is complaining about a lack of sleep. When I worked in Housing Unit 21 she did not seem to have any problems sleeping and I regularly observed her sleeping without any apparent difficulty.

18. When I perform safety checks, I activate my body-worn camera ("BWC") to document the safety checks. Many members of the Alameda County Sheriff's Office, including myself, wear BWCs to assist in the performance of our duties by providing an audio and/or video record of law enforcement related encounters. An electronic recording system is used in conjunction with the BWCs to store, display, broadcast, copy, and retrieve the footage. The footage is stored within this system by the Alameda County Sheriff's Office in the course of regularly conducted business.

19. A true and correction copy of video and audio footage captured by my BWC on January 24, 2019 from approximately 23:29:30 to 23:38:36 hours PST (07:29:30 to 07:38:36 hours "Z" for Zulu time, or Greenwich Mean Time ("GMT") on January 25, 2019) is on a disk manually filed concurrently with this declaration as **Exhibit A**. The footage contained in **Exhibit C** accurately depicts how I conducted my safety check starting at 23:29:30 in Housing Unit 24 as I went through D, E and F pods, and accurately depicts how I generally perform such safety checks and how I have observed other deputies perform safety checks. As depicted in the video, I take great care to perform my safety checks professionally and compassionately. I take great care to try to minimize noise levels and to avoid waking up inmates. The video footage shows that Housing Unit 24 D, E and F pods are generally quiet and clean. If the viewer looks at the video footage at and around time stamp 07:37:31Z, which is 23:37:31 PST, the footage depicts me performing a safety check of Tikisha Upshaw in her cell located in Housing Unit 24, E Pod, Cell 13. As the viewer can see, Ms. Upshaw's cell is very dark and I briefly turned on my flashlight and pointed it at the floor to confirm Ms. Upshaw's welfare, as there was insufficient light inside the cell for me to observe her.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4817-5176-3079 v1

- 6 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Dublin, California on February 10, 2019.

By: _____
Kori Guerra

OAK #4817-5176-3079 v1

- 7 -

CASE NO. 3:18-CV-07814-JD
DECL. OF KORI GUERRA ISO THE CO. OF
ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND