UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIKISHA UPSHAW, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ALAMEDA COUNTY, et al.,<br><br>   Defendants. | Case No. 3:18-cv-07814-JD<br><br>**SUPPLEMENTAL ORDER RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 19, 33 |

  In the order granting plaintiffs' motion for a preliminary injunction, the Court concluded that plaintiffs had shown a likelihood of success on, or at the very least raised a serious question about, the merits of their constitutional claims for sleep deprivation caused by defendants' nighttime policies and practices. Dkt. No. 33. The Court asked the parties to jointly submit a proposed form of order that would balance defendants' legitimate custodial concerns with plaintiffs' right to a reasonable amount of sleeping time. *Id*. at 7. The Court expressly advised the parties not to use the drafting assignment to try to re-argue the injunction motion or add new evidence to the record. *Id*.

  The parties were not able to agree on a form of order, and submitted separate proposals. The Court finds that plaintiffs' proposed order, Dkt. No. 37, substantially conforms to the evidence and record before the Court.

  Defendants' version is considerably less faithful to the record and the Court's prior order. Defendants drafted their proposed form of injunction on the basis of alleged medical concerns that they did not mention, let alone document with declarations or other evidence, during the initial injunction proceedings. The Court previously noted that defendants did not provide any meaningful evidence on these topics. *See* Dkt. No. 33 at 5-6. Even now, defendants again do not

tender any actual evidence but merely recount what some unnamed individuals of unknown qualifications "represented" to their attorney about the scheduling of the morning medication pass or "pill call." Dkt. No. 36 at 2.  This is exactly the kind of backdoor effort to re-litigate the injunction that the Court directed the parties not to do, and it is all the more improper because the lack of evidentiary support makes it impossible for the Court to evaluate defendants' statements. The Court declines to tailor the injunction on the basis of this inadequate record, which is entirely of defendants' own making.

Consequently, defendants Alameda County Sheriff's Office and Alameda County, and all their officers, agents, employees, successors, and those acting in concert with them, are enjoined as follows:

1. Absent exigent circumstances, in the jails operated by defendants:
   a. Main housing lights will be turned off from 11:00 p.m. to 5:00 a.m. each weekday when a local state or federal court is in session.
   b. Main housing lights will be turned off from 11:00 p.m. to 6:00 a.m. on weekends and holidays, and any other day on which local courts are closed.
   c. Breakfast will be served to inmates no earlier than 5:00 a.m. each weekday when a local state or federal court is in session.
   d. Breakfast will be served to inmates no earlier than 6:00 a.m. on weekends and holidays, and any other day on which local courts are closed.
   e. The medication pass for inmates will take place no earlier than 5:00 a.m. each weekday when a local state or federal court is in session.
   f. The medication pass for inmates will take place no earlier than 6:00 a.m. on weekends and holidays, and any other day on which local courts are closed.
2. Absent exigent circumstances, defendants will make reasonable efforts to refrain from making announcements over the jail public address system during the times when the main lights are turned off.
3. Absent exigent circumstances, defendants will make reasonable efforts to refrain from performing routine cleaning and maintenance work in areas where inmates

sleep during the hours when the main housing lights are turned off.

4. "Exigent circumstances" consist of medical or custodial emergencies, and circumstances that pose a danger to health and safety.

5. Defendants may request, on a case-by-case basis, that the Court modify the terms of this injunction to accommodate specific medical needs for individual inmates. Such requests must be supported by a declaration under penalty of perjury from a treating physician or other healthcare professional attesting to the nature of the issue and the medical necessity for a departure from the terms herein.

6. The Court waives any payment or posting of security by plaintiffs. Fed. R. Civ. P. 65(c).

7. The injunction will remain in effect pending further order of the Court.

8. These terms do not apply to the portions of the jails that are used as dedicated hospital units.

The Court finds that these provisions "extend no further than necessary to correct the harm the court finds requires preliminary relief" and are "the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

**IT IS SO ORDERED.**

Dated: April 22, 2019

JAMES DONATO
United States District Judge