Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
475 14th Street, Suite 500
Oakland, California 94612
Telephone:  (510) 329-2140
Facsimile:   (510) 580-9410
E-Mail:      yhuang.law@gmail.com

DENNIS CUNNINGHAM, SBN 112910
115A Bartlett St.
San Francisco, CA 94110
Telephone: (415) 285-8091
Facsimile: (415) 285-8092
E-Mail:     denniscunninghamlaw@gmail.com

Attorneys for Plaintiffs
Tikisha Upshaw, Tyreka Stewart and
Andrea Hernandez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| TIKISHA UPSHAW, TYREKA STEWART and ANDREA HERNANDEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY; ALAMEDA COUNTY SHERIFF'S OFFICE; SHERIFF GREGORY J. AHERN; ASSISTANT SHERIFF D. HOUGHTELLING, COMMANDER TOM MADIGAN; CAPTAIN D. HESSELEIN, CAPTAIN TARA RUSSELL, CAPTAIN D. SKOLDKVIST, DEPUTY STINSON, DEPUTY SENSIBA, DEPUTY SARTIN, DEPUTY KRANTAVILLE, DEPUTY HENDERSON, DEPUTY GUERRA, DEPUTY CRANDALL, DEPUTY CHANDRA AND DOES 1 THRU 50.<br><br>Defendants. | Case No. 3:18-cv-07814-JD<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR A LIMITED ISSUE CLASS CERTIFICATION**<br>**FRCP 23(a), 23(b)(2)** |

## I. INTRODUCTION

This case arises from the systematic subjection of women prisoners at Santa Rita Jail to unconstitutional conditions, policies and procedures by the Defendants. Named Plaintiffs Tikisha Upshaw, Tyreka Stewart and Andrea Hernandez, are women prisoners, who at the time of the filing of the complaint, were pretrial detainees, who were incarcerated in Santa Rita Jail, and based upon the jail's scheduling, permitted no more than 5 hours of sleep a night, concurrent with regular sleep disruptions due to jail sanctioned activities. Plaintiffs, on behalf of themselves and others similarly situated, on the grounds that this action should be maintained as a class action under Federal Rules of Civil Procedure Rule 23. Plaintiffs seek certification of a class of all women who are now or will be in the future incarcerated in the Alameda County Jails. This class fits all of the criteria named in F.R.C.P. Rule 23(a) and (b)(2). For the purposes of this motion, named plaintiffs seek, pursuant to 23(c)(4) to proceed preliminarily with a limited issue class certification motion under 23(b)(2) on the limited issue of whether Defendants' policies and practices depriving and disrupting women prisoners' sleep violates plaintiffs' and class members' constitutional rights, reserving the class claims for damages under F.R.C.P. Rule 23(b)(3), with a possible motion for class certification under F.R.C.P. Rule 23(b)(3), once discovery has been completed.

For the purposes of this motion, Plaintiffs seek declaratory and injunctive relief, including an order compelling Defendants to provide all class members with opportunity for sufficient, undisrupted, night time sleep.

## II. PROCEDURAL HISTORY

This case was filed on December 31, 2018. On February 4, 2019, plaintiffs filed a motion for preliminary injunction, (Dkt.19), which was heard on February 28, 2019. (Dkt. 21). On February 21, 2019, defendants filed a joint 12(b)(6), calendared for April 11, 2019. (Dkt 28). On March 27, 2019, the court issued its Order re Preliminary Injunction (Dkt.33). Thereafter, the hearing on defendants' joint 12(b)(6) motion was continued to June 20, 2019, and then to June 27, 2019 and then to August 1, 2019. (Dkt. 35, 42, and 47). A case management conference was originally calendared for June 27, 2019 and then also continued to August 1, 2019 (Dkt. 48). For the convenience of the court and judicial economy, Plaintiffs expedited this motion so that it may

be noticed and calendared for hearing on August 1, 2019, which is the same date as the case management conference.

## II.  STATEMENT OF FACTS

This civil rights action was filed by Plaintiffs challenging their conditions in the Santa Rita Jail run by the Office of the Alameda County Sherriff.  Plaintiffs are all women, who are held in the Jail and who are deprived of their Constitutional rights as a result of Defendants' policies and conduct. Defendants' policy and practices which include excessive lighting and noise, nighttime disruptions for prisoner identification, security, medications and training, as well as unreasonably early meal service, prevents Plaintiffs from sleeping. The resulting sleep deprivation violates Plaintiffs' Eight Amendment rights guaranteed to them through the Due Process Clause of the Fourteenth Amendment, as well as their general Due Process Rights.  Eighty-five percent (85%) of Santa Rita's prisoner population is pre-trial and pre-sentence. (See Ex. B, Dec. of Dennis Cunningham.)   There are approximately 220 women housed daily[1] in the Santa Rita Jail. (See Ex. A, Dec. of Dennis Cunningham.)   Moreover, approximately 9,744 women are processed and incarcerated in its 2016-2017 year in the Jail (See Ex. C, Dec. Dennis Cunningham).

"The salient facts are undisputed".  (Order re Motion for Preliminary Injunction, Dkt. 33,  p. 2, l.1)  Defendants have admitted to the times for their nighttime schedules.  Defendants also do not dispute that lights out is at 11 p.m., that they administer pills at 2:30 am and turn the main lights on at 4:00a.m. to serve breakfast.  See Declaration of Deputy Guerra, Dkt. No. 24-5 ¶¶2, 5-7, 11; Declaration of Deputy Burbank Dkt. No. 24-2 ¶¶2, 5-7, 10.  Defendants have admitted that their nighttime schedule and cell checks are an official policy and practice of the Jail operations. Defendants have admitted that this night time schedule is jailwide and that Plaintiffs and members of the class have no control or ability to change this schedule.  Defendants do not dispute that this nighttime schedule disrupts sleep.

Defendants admitted that they make "mandatory" announcements over the public address system during the lights-out hours.  Guerra Dec., Dkt. No. 24-5 ¶ 13.  The sleep disruptions are compounded by cell-by-cell checks that deputies do every 30 minutes, seven days of the week.

---

[1] The most current Report on the website for the Board of State and Community Corrections, for last quarter, 2015, lists the average daily population at Santa Rita Jail as 220 women per day.  See Ex. A, Dec. Dennis Cunningham

3

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LIMITED ISSUE CLASS CERTIFICATION**
*Upshaw et al v. Alameda County,*  United States District Court, Northern District of California, Case No. 3:18-cv-07814-JD

1   Guerra Decl., Dkt. No. 24-5 ¶9.    To perform these checks, deputies may shine a flashlight into a
2   prisoner's eyes, or open the cell and call the inmate's name.  Guerra Decl., Dkt. No. 24-5 ¶10;
3   Burbank Dec., Dkt. No. 24-2 ¶9.   Defendant's objection to plaintiffs' motion for preliminary
4   injunction does not dispute that sleep is necessary for the Plaintiffs and all persons as one of life's
5   basic needs.   Rather, defendants response to plaintiffs' complaint about these persistent,
6   unreasonable and damaging disruptions are that the jail's conduct is penologically necessary. See
7   Declaration of Philip Lawrence, Dkt. 24-11, ¶ 13.  Defendants have also raised the defense, that
8   plaintiffs' claims are barred by the Prison Litigation Reform Act ("PLRA") because the injuries
9   asserted are "mental or emotional" and do not meet the requirements of the PLRA for physical
10  injuries. (Dkt. 28. P. 3).  However, plaintiffs' experts state that there are scientifically proven
11  correlations between mental or cognitive impairments and demonstrable physiological parallels.
12  (See Dr. Jamie Zeitzer Decl., ¶4)
13       Inasmuch as humans react individually and differently to external conditions, and there will
14  require inquiry and discovery into the extent of physiological injuries in order to determine whether
15  there is a class basis for damages.  Plaintiffs have not yet had any opportunity to conduct any of this
16  inquiry and discovery, and are therefore, reserving the damages issues, including any request for
17  class certification under Rule 23b(3) until the completion of discovery.

18  **III.    ARGUMENT**

19       For the Court to certify the class, the Plaintiffs must satisfy each prerequisite of Rule 23(a)
20  and at least one requirement of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345
21  (2011). The moving party must affirmatively show compliance with each provision. *Parsons v.
22  Ryan,* 754 F. 3d 657, 674 (9th Cir. 2014).
23       The Plaintiffs satisfy each Rule 23(a) requirement for both the Class and the Subclass
24  because the: 1. Class is so numerous that joinder of all members is impracticable; 2. There are
25  common questions of law and fact for the Class; 3. The claims and defenses or the representative
26  parties are typical of the claims or defenses of the class; and 4. The representatives will fairly and
27  adequately protect the interests of the class. F.R.C.P. Rule 23(a).
28

A.   Plaintiffs Satisfy All of the Requirements of Rule 23(a).

   1.   The Class and Subclass Are So Large and Fluid That Joinder of All Members Is Impracticable.

F.R.C.P. Rule 23(a) states that the class must be "so numerous that joinder of all members is impracticable." Both the proposed Class definition and Subclass definition fit this requirement handily. Currently, there are approximately 220 women housed daily[2] in the Santa Rita Jail, with 9,700 woman processed by the jail each year.  All prisoners in the Jail are subject to Defendants' policies and practices affecting their sleep. This a large and changing group.

Joinder of all of these persons is certainly impracticable. "Impracticable" does not mean "impossible;" it only requires a showing that class members will "suffer a strong litigation hardship or inconvenience if joinder were required." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F. 2d 909, 913-14 (9th Cir. 1964).

Significantly the members of the Class and Subclass are fluid and change daily because women are moved in and out of the Santa Rita facility every day.   When plaintiffs seek injunctive or declaratory relief, and the class includes persons who might be injured in the future, joinder is inherently impracticable. *Jordan v. County of Los Angeles,* 669 F. 2d 1311, 1320 (9th Cir. 1982), vacated on other grounds, *County of Los Angeles v. Jordan*, 459 U.S. 810 (1982); See also *Henderson v. Thomas*, 289 F.R.D. 506, 510 (M.D. Ala 2012)("[T]he fluid nature of a plaintiff class – as in the prison litigation context – counsels in favor of certification…".)   Here the women prisoners in Santa Rita Jail constitute a large and fluid class.

   2.   The Commonality Requirement of Rule 23(a)(2) is Satisfied Because the Policies and Practices Challenged Here Present Common Questions of Fact and Law.

Rule 23(a)(2) requires that there are questions of law or fact that are common to the class. Here, all of the facts and law are common to the Class.  Most of the facts are not contested. See Declaration of Deputy Guerra, Dkt. No. 24-5 ¶¶2, 5-7, 11; Declaration of Deputy Burbank Dkt. No. 24-2 ¶¶2, 5-7, 10.  "The salient facts are undisputed".  (Order re Motion for Preliminary Injunction, Dkt. 33,  p. 2, l.1)  Rather, Defendants claim that their policies and practices are necessary to a secure and orderly administration of the Jail. Plaintiffs claim that these practices violate their Constitutional Rights. If the class claims "depend upon a common contention," "capable of

---

[2] The most current Report on the website for the Board of State and Community Corrections, for last quarter, 2015, lists the average daily population at Santa Rita Jail as 220 women per day.  See Ex. __, Dec. of Y. Huang

5

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LIMITED ISSUE CLASS CERTIFICATION**
*Upshaw et al v. Alameda County,*  United States District Court, Northern District of California, Case No. 3:18-cv-07814-JD

classwide resolution," then a court determination "will resolve an issue central to the validity of each claim in one stroke." *Dukes*, 564 U.S. at 350. What matters is the capacity of the proceeding "to generate common answers apt to drive the resolution of the litigation." Id. Even a single common question satisfies this requirement. Id at 359.

In this case, essentially all of the issues of fact and law apply to each and every plaintiff class member, handily satisfying the commonality requirement. All of the Plaintiffs are suffering from sleep deprivation from Defendants' practices. All of them claim that their Constitutional rights have been violated. This central issue of law, whether Plaintiffs have a Constitutional right to a good night's sleep, or whether defendants' conduct are justified by penological necessity; once decided by the Court, will certainly "drive the resolution of the litigation." Id.

3. Plaintiffs' Claims are Representative of Those of the Class and the Subclass, satisfying Rule 23(a)(3)'s Typicality Requirement.

Rule 23(a)(3) mandates that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The test is "whether other members have the same of similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons*, 754 F. 3d at 685. Injuries do not have to be identical, just similar and due to the conduct of the defendants. Id at 685-686. Commonality and typicality are closely related concepts, so a finding of one generally compels a finding of the other. *Parsons*, 754 F. 3d at 685 (quoting *Dukes*, 564 U.S. at 394 n. 5. The moving party, Tikisha Upshaw, is currently in custody in the Santa Rita Jail, is a pretrial detainee and subject to Defendants' inhumane practices. A determination of her rights will be a determination for all of the members of the class.

4. Plaintiffs and Class Counsel Will Fairly and Adequately Represent the Interests of the Class and Subclass, as Required by Rule 23 (a)(4).

Rule 23(a)(4) requires that the plaintiffs fairly and adequately represent the class interests. The court examines the qualifications of counsel and ensure an absence of antagonism, a sharing of interests between the class representatives and the absent members, determining that collusion is unlikely. *Walters v. Reno*, 145 F. 3d 1032, 1046 (9th Cir. 1998). The named representative has claims and interests that are the same as the rest of the class. The attached declaration of Cunningham detail additional qualifications that demonstrate their abilities to represent the class. Proposed counsel for the class, Yolanda Huang and Dennis Cunningham, both have significant

litigation experience. Lead Counsel Yolanda Huang is a private attorney with 37 years of experience litigating in Alameda County. Dennis Cunningham has been litigating complex, class action and multi party civil rights issues including conditions of confinement cases since 1969.

B.  Class Certification Is Appropriate Under Rule 23 (b) (1) and (2).

In addition to fulfilling the requirements of Rule 23(a), demonstrated above, Plaintiffs must show that at least one provision of Rule 23 (b) is also established. Here Plaintiffs meet each of the requirements of Rule 23 (b).

1.  Separate Actions by Individual Class Members Would Create a Risk of Inconsistent Results or Incompatible Standards, Meeting the Requirement for § (b)(1).

In this case all of the Plaintiffs claim that Defendants' policies and practices of excessive nighttime lighting, noise, security checks, medication distribution and early meals disrupt their sleep and violate their Constitutional Rights. Rule 23(b)(1) is often applied in actions by prisoners challenging the conditions of their confinement. *Gray v. County of Riverside*, No. EDCV-13-0044VAP, 2014 WL 5304915, at *38 (D.D.Cal, Sept. 2, 2014). See Coleman v. Wilson, 912 F. Supp. 1293 (E.D. Cal. 1995) (certifying class of prisoners with mental health issues challenging CA's mental health services); *Asher v. Governor of California*, No. C 09-5796-CW, 2014 WL 2465191, at *7 (N.D. Cal. June 2, 2014) (certifying a class of people incarcerated in California). Like all of these prison cases, certification of the Class and Subclass is appropriate under Rule 23(b)(1).

2.  Defendants' Actions Apply Generally to the Class, As Provided for in § (b)(2)

Under Rule 23(b)(2) certification is warranted when the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate for the class as a whole. Rule 23(b)(2).  As explained by the Supreme Court, "civil rights cases against parties charged with unlawful conduct are prime examples of what § (b)(2) was intended to cover. This case fits squarely into this rule – Plaintiffs seek injunctive and declaratory relief against Defendants in the form of a mandatory change in Defendants' nighttime jail practices which impair sleep causing serious deprivation. When Plaintiffs seek uniform injunctive or declaratory relief from challenged practices, Rule 23(b)(2)'s requirements are "unquestionably satisfied." *Parsons*, infra. 754 F. 3d at 688 (citing Rodriguez v. Hayes, 591 F. 3d 1105, 1125 (9th Cir. 2009).

C.     <u>A Limited Issue Class for the Issues of Injunctive Relief and Damages Serves to Conserve Judicial Resources and Promote Judicial Efficiency.</u>

    1. A Limited Issue Class Promotes Judicial Economy and Efficiency

Rule 23(c)(4) permits certification of "limited issue" classes. "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Plaintiffs anticipate that discovery on the class certification on the issue of merit for injunctive relief would be limited, because the extent of the factual dispute is limited, while the discovery on the damages in order to discern whether there is a basis for claiming class damages under Rule 23(b)3), will be extensive. For this reason, certifying a limited issue class under Rule 23(c)(4) with the class certification under Rule 23(b)(2) for injunctive relief and reserving the issue of class certification on the damages would be an efficiency for the parties and the court. Although some motions for class certification wait until after the close of discovery, given that the class basis for injunctive relief in the present case, and the undisputed factual issues, having an early class certification and resolution of the issues on these threshold merits questions via an early summary judgment motion is potentially an enormous time and costs savings.

    2. Certifying A Limited Issue Class Meets FRCP 23 Requirements

Rule 23(c)(1)(A) states that certification should take place "at an early practicable time". Rather than delaying class certification until after the close of discovery, which would be at an advanced stage of the litigation, bifurcation of liability and damages is permitted if "the proposed class satisfies the requirements of Rule 23(a) and 23(b) with respect to liability" and "resolution of the particular common issues would materially advance the disposition of the litigation as a whole." *Houser v. Pritzker* 28 F. Supp. 3d 222, 254 (S.D.N.Y. 2014)

    3. Certification of A Limited Issue Class Will Facilitate Discovery on the Damages Portion

This lawsuit is different than many class litigations because defendants have physical custody of many of the potential present day class members. In order to even merely be able to communicate, much less conduct discovery, plaintiffs must go through defendants. In order to enable or justify direct communication with members of the class who are incarcerated, having a class certification would both facilitate and justify defendant Alameda County Sheriff's Office, providing plaintiffs with the necessary access to said individuals. Class certification would make possible discovery into the damages portion, because then plaintiffs' representation of class

members would not be mere conjecture.  Class certification will certainly eliminate many potential thorny discovery issues and potential objections to needed discovery.

### IV. CONCLUSION

Plaintiffs fulfill all of the requirements of F.R.P.C. Rule 23 (a) and (b).  A Class Action is the most appropriate and efficient way to proceed with this case. Therefore, we request that the Court enter an order certifying the Class and Subclass as defined:

Class: All women who are now or will be in the future incarcerated in the Alameda County Jails.

Respectfully submitted

Dated: June 27, 2019            LAW OFFICE OF YOLANDA HUANG

By: __/s/ Yolanda Huang_____
       YOLANDA HUANG

DENNIS CUNNINGHAM

By: __/s/ Dennis Cunningham___
       DENNIS CUNNINGHAM

ATTORNEYS FOR PLAINTIFFS