UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIKISHA UPSHAW, et al.,<br>Plaintiffs,<br>v.<br>ALAMEDA COUNTY, et al.,<br>Defendants. | Case No. 3:18-cv-07814-JD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 22, 23 |

This order resolves the pending administrative motion to file documents under seal in this case, Dkt. No. 23, as well as approves the parties' stipulated protective order regarding the same documents, Dkt. No. 22, except in those cases where the stipulated protective order conflicts with the Court's standing orders.

## I. LEGAL STANDARD

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180. When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, the "public has less of a need for access to court records attached only to non-dispositive motions," and "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal

1 force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179. In that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (citation omitted).

The distinction between dispositive and non-dispositive motions is not literal, but depends on "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Motions that are "technically nondispositive" yet "strongly correlative to the merits of a case" are subject to the presumption of public access to judicial records and the corresponding sealing standards. *Id.* at 1099.

In addition to meeting the standard under *Kamakana*, all parties requesting sealing must also comply Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

**II. DISCUSSION**

The more stringent "compelling reasons" standard for dispositive motions applies here and is satisfied. The sealing request is made in connection to Alameda County's opposition to plaintiffs' motion for a preliminary injunction, Dkt. No. 19, which was also the case in *Center for Auto Safety*. While noting that a motion for preliminary injunction is "technically nondispositive," it concluded that since the motion "was more than tangentially related to the merits of the case," the district court was required "to consider the documents under the compelling reasons standard." *Ctr. for Auto Safety*, 809 F.3d at 1099, 1102.

Alameda County seeks to seal video footage and still photographs depicting units at Santa Rita Jail that house women. Dkt. No. 22 at 2. Specifically, it seeks to seal two videos, Dkt. No. 24, Exs. A, E, from body cameras worn by sheriff's deputies conducting nighttime safety checks. Dkt. No. 24 at 2. It also seeks to seal two photographs, Dkt. No. 24, Exs. B, C, of lead plaintiff Upshaw's housing unit. Dkt. No. 24 at 12. The County argues that there are two compelling reasons why these exhibits should be sealed -- jail security and privacy of third parties (i.e., nonparty inmates). Dkt. Nos. 23, 23-1.

Plaintiffs have opposed defendants' motion to seal, essentially arguing that defendants have waived the right to request sealing because they have previously permitted television stations to film and broadcast video of the same facilities depicted in the exhibits. Dkt. No. 25 at 3. But while general video of the facilities may have been published in the past, plaintiffs have not established that the videos and photograph sought to be sealed have been publicly released. Consequently, waiver is not an issue. Plaintiffs also argue that defendants' status as public entities militates against sealing in this case. *Id.* at 4. But this element is present in all cases where prison officials seek to seal, and it does not overcome the "institutional security goals within a detention facility." *Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 971 (9th Cir. 2010).

Defendants have met their burden and demonstrated compelling security reasons why the exhibits should be sealed. As the Supreme Court has recognized, "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The body camera videos from deputies' safety checks document "sensitive, secure areas of the jail as well as practices with regard to performing safety checks." Dkt. No. 23-1 ¶ 3. The photographs, which prison officials never intended to make public, also depict sensitive and secure areas. This is enough to warrant sealing. *See Napier v. Cty. of Washtenaw*, No. 11-cv-13057, 2013 WL 1395870, at *11 (E.D. Mich. Apr. 5, 2013); *Fosselman v. Evans*, No. 07-cv-PJH-PR, 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011).

### III. CONCLUSION

Alameda County's administrative motion to file under seal is granted. The parties' stipulated protective order regarding the same documents is approved, except in those cases where the stipulated protective order conflicts with the Court's standing orders.

**IT IS SO ORDERED.**

Dated: September 16, 2019

JAMES DONATO
United States District Judge